R. RUHL *v.* CITY OF LOUISVILLE.

**Trespass—Municipal Corporation Responsible for Tort if Commanded or Sanctioned.**

A municipal corporation is responsible for damages for a trespass or other tort, if it commands it to be done or sanctions or approves the act when committed.

APPEAL FROM JEFFERSON CIRCUIT COURT.

February 2, 1872.

Opinion by Judge Hardin:

In the agreed statement of facts, it is admitted, in substance and effect, that under an ordinance of the general council, providing for the cleaning of the southern ditch, an important means of drainage in the city of Louisville, the mayor employed hands ditch, which run through the plaintiff's garden, threw the dirt from the ditch on said plaintiff's land and the growing crop thereon was covered over and mashed down by it and by the trampling of the hands and that the dirt thrown upon it was allowed to remain there and not removed by said city, all of which was done against the will, and with the remonstrance of plaintiff; that plaintiff was damaged thereby in the sum of $68.70; also, that great quantities of dirt had settled in said ditch by reason of the defective construction thereof. It was also admitted that for the work of the hands so done they were paid off by the city. The county court, before which the case had been taken by appeal, sustained a motion to find and render judgment for the city on the ground that the agreed fact did not constitute a cause of cation, and the only question now to be determined is as to the correctness of that ruling.

The doctrine is stated in *Underwood ,etc., v. Newport Lyceum,* 5 B. M. 129, as we conceive in accordance with correct principles and authority that a corporation is responsible for damages for a trespass or other tort, if it commands it to be consummated or sanctions or approved the act when committed.

This case is, in our opinion, within this rule, and the judgment is therefore deemed erroneous. The agreement of facts imports both that the city authorities authorized the throwing of the dirt from the ditch from the banks and that they subsequently approved of it.

Wherefore the judgment is reversed and the cause is remanded for a new trial and further proceedings not inconsistent with this opinion.

*F. G. Danaker, for appellant.*

*Burnett, for appellee.*

PRESIDING JUDGE OF WASHINGTON COUNTY COURT *v.* THE CUMBERLAND & OHIO RAILROAD COMPANY.

**Statutes—Legislative Acts—Constitutionality Presumed—Facts Not Appearing Must be Distinctly Charged—Facts Proven by Journal.**

Everything is to be presumed in favor of the constitutionality of an act of the legislature, and the party attacking it must aver and prove every fact necessary to establish the position he assumes.

The courts will take notice of the contents of the legislative journals for the purpose of determining the truth or falsity of any allegation of fact, but they will not examine the journals for the purpose of ascertaining facts, to rebut the presumption of the constitutionality of an act, unless the party complaining alleges the existence of such fact.

RESPONSE TO PETITION FOR REHEARING.

RESPONSE WRITTEN BY JUDGE LINDSAY:

The first paragraph of appellants' answer admits that there is, upon the statute book, an act incorporating the Cumberland and Ohio Railroad company, but says that such act is void, because the provisions of Art. 2, Section 40 of the State Constitution were not complied in the passage thereof.

Ordinarily said section can not be made to apply to an act incorporating a railroad company. It is confined in its application to acts or resolutions for the appropriation of money, or the creation of debts. The incorporation of a railroad company does not necessarily involve either of these things.

If it be conceded that one or more of the provision of sections of the act in question, involves in the constitutional sense (a conclusion which we are not to be understood as making), either the appropriation of money or the creation of a debt, it by no means follows that the entire act is unconstitutional and void, because it was not voted for by a majority of all the members then elected to each branch of the general assembly and the yeas and nays entered on the journal. The appropriation of money or the creation of a debt might be void and still the act, in so far as it incorporated a railroad company, would be valid in every other particular. Appellant, however, claims that the entire act is void, and from that conclusion draws the further deduction that the appellee is neither authorized to construct

a railroad through Washington county, nor to receive subscriptions of stock from that county.

The conclusion and the deduction drawn therefrom are both unauthorized by any fact stated.

Everything is to be presumed in favor of the constitutionality of an act of the legislature, and the party attacking it must, in a case like the present, aver and prove every fact necessary to establish the position he assumes.

If any of the provisions of the act of incorporation under which appellee is proceeding are unconstitutional by reason of anything not appearing upon the face of the act itself.

The facts not so appearing must be distinctly charged. If the journals of the general assembly establish the existence of such facts, they need not be proved, as the courts will take notice of the contents of these journals for the purpose of determining the truth or falsity of any allegations of fact, upon which they are called upon to pass, but as they will presume that every act found upon the statute books has been constitutionally passed, they will not examine the journals for the purpose of ascertaining facts, to rebut this presumption unless the party complaining alleges the existence of such facts. After a second examination of the question we are still satisfied that the demurrer to the paragraph was properly sustained.

The judge of the Shelby county court acted judicially in deciding that the railroad company had complied with the conditions imposed when the question of subscription was submitted to the voters of Shelby county, and ministerially in making the subscription.

*P. B. & J. B. Thompson, for appellant.*

*Knott, for appellee.*